## Morrow v. Board of Education of City of Chamberlain.

1. In the absence of anything to the contrary, incidental stipulations necessary to carry a contract into effect, or make it reasonable, or conformable to usage, are implied therefrom. Comp. Laws, §§ 3570, 3571.

2. Under a complaint based upon and alleging a full compliance with the terms of an express contract, a party plaintiff, who has materially violated its provisions, cannot, in the absence of evidence admitted

without objection as to the reasonable value of a partial performance, recover upon quantum meruit.

.(Syllabus by the Court.   .Opinion filed Oct. 28, 1895.)

Appeal from circuit court, Brule county.   Hon. D. HANEY, Judge.

. Action to recover for wages as public school teacher.·   Defendant had judgment, and plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*Morrow & Wright*, for appellant.

Where a teacher contracts to teach in a department where the duties of the position have been fixed and established, the presumption is that the duties to be performed under the contract will be the same as previously prevailed.   Comp. Laws, § 3551.   Pearson v. Past, 2 Dak. 220; Powers v. Bowdle, 54 N. W. 408; Walls v. Bailey, 49 N. W. 464; Collendar v. Dinsmore, 55 N. Y. 204; Company v. Goodnow, 4 L. R. A. 202; Robinson v. U. S., 13 Wall 363.   An employer by not complaining and by failure to cancel the contract of his employe until a certain date, ratifies the employe's conduct during that time and waives the right to raise the question of noncompliance.   Comp. Laws, 3591;· Enos v. Railroad, 57 N. W. 920.   Where the statute and the contract prescribe how a teacher may be discharged, other methods are illegal.  .Hull v. School, 46 N. W. 1053; Goodyear *v.* School, 21 Pac. 664; Kennedy v. Board, 22 Pac, 1042; Am. and Eng. Enc. Law, 757.

*John D. Rivers*, for repondent.

FULLER, J.   Based upon an express .contract, and under an averment of full compliance therewith upon her part, this action is brought by a public school teacher against a board of education to recover the balance claimed to be due thereunder, at $40 per month, from the 18th day of September, 1893, to the 13th day of April, 1894, together with $80 which it is alleged would have become due under said contract had not defendant wrongfully and unjustifiably discharged and dismissed plaintiff

from the schools, in violation of the terms of said contract. The case was tried to the court without a jury, and it was conceded that on the 18th day of September, 1893, plaintiff entered upon her duties under a written contract to teach for nine successive months, as assistant principal in the high school department of the public schools of the city of Chamberlain, at a salary of $40 per month; the right being expressly reserved to cancel the contract at the end of any school month, should plaintiff prove inefficient in the opinion of the board of education, and it is admitted in the answer that she continued to perform her duties faithfully as assistant principal, under said contract, until the 20th day of January, 1894, when, it is alleged, among other things, that plaintiff, without cause, declined to further instruct the classes and conduct the recitation assigned to her by the principal of said high school, and failed and refused to further comply with the conditions of her contract. Defendant denied that it was indebted to plaintiff in any sum whatever. Plaintiff has received $160 for services performed under the contract, and the court found as a fact that she had been fully paid up to the time when, without justifiable cause, she declined to further perform her duties under the contract. Upon carefully prepared findings of fact and conclusions of law, judgment for costs against the plaintiff, and in favor of the defendant, was entered, and plaintiff appeals.

It is clear from the evidence, and the court, in effect, found that during the entire school year of 1892-93, plaintiff, in the capacity of assistant principal taught several classes in all branches in the high school course of study assigned to her by the principal of the school, and so continued to teach under the contract in suit until the 29th day of January, 1894, when a change in the principalship of the school occurred, and it became necessary and essential to the welfare of the school for the principal to make a reassignment of the work; that, by the proposed arrangement, plaintiff retained but one of the classes she had formally taught, and other classes of an equal number, pursu-

ing branches selected from the adopted curriculum, and which required an expenditure of the same length of time and degree of ability on the part of the teacher, were substituted and assigned by the principal of the school to her assistant, the plaintiff herein, who, without justifiable cause, refused, and at all times thereafter neglected, to teach all but one of the eight branches thus designated, and consequently declined to devote to the school, and the instruction of pupils, but three-fourths of an hour each day. It also appears from the undisputed evidence that plaintiff's scholastic attainments and ability as a disciplinarian enabled her teach any and all the branches included in the course of study adopted by the board of education for the high school department, and that her sole reason for refusing to take the classes assigned to her by the principal, and which different members of the board frequently endeavored to persuade her to teach, was that, under her contract, neither the board of education nor the principal of the school had power to modify or change the assignment made by a former principal of the schools. In construing the contract in the light of the undisputed evidence, the court was justified in finding that it was the intention of the parties that plaintiff, as the assistant principal, should teach such classes, and perform such duties, within the scope of her employment, as the principal of the school might reasonably assign or direct, and that plaintiff had willfully, and without justifiable cause, failed and habitually refused to perform her obligation thereunder from the 29th day of January, 1894, until the 6th day of April following, when, by resolution of the board, a vacancy was declared to exist, and plaintiff no longer pretended to occupy the position.

Plaintiff's action was based upon an express contract, which she had neither performed, nor expressed a willingness to perform, according to its terms. In fact she undertook to devote to the school, under direction of the principal thereof and the board of education, six hours of each school day, and the undis-

puted evidence shows that she refused without justifiable cause to teach but one class daily, which required but 45 minutes of her time. In order to recover upon an express contract, under an allegation of full compliance therewith, the burden was upon plaintiff to prove a performance, or willingness upon her part to perform. While no express stipulation as to the classes or branches of learning to which plaintiff should devote her attention was specified in the written agreement, in order to make the contract reasonable, conformable to usage, and capable of being carried into effect, the law implies an agreement on her part to assist in the department during school hours, in good faith, by teaching such branches, and by conducting such recitations, as might be reasonably assigned to her by the principal of the school, under the direction of whom it was her duty to act. Comp. Laws 3570, 3571.

Counsel's contention that appellant should have recovered a judgment, at least upon a *quantum meruit*, for the time she remained in the school, is not sustainable under a complaint based upon an express contract, in which a full performance of all conditions precedent is alleged, and to which all evidence was directed. Wernli v. Collins, (Iowa) 54 N. W. 365; 2 Enc. Prac. & Pl. 999. Moreover, the record discloses no facts or circumstances that would even justify a speculation or conjecture as to the reasonable value of the services actually rendered, or the probable injury sustained by the school on account of plaintiff's failure to perform her duties under the contract. In addition to the reasonable custom and usage prevailing generally as to the duties of an assistant principal, and with reference to which the contract in suit is presumed to have been made, the term "assistant principal," when applied to the school work, implies a position subordinate to that of the principalship of the schools and in this case appellant had taught during the previous year in the same department, and from the organization thereof, without objection, the branches assigned to her by the principal of the schools, and she is therefore charged with actual notice

that her employment, in its nature would require her to teach, under the general supervision of the principal, such branches as might be reasonable assigned to her.  There being no error in the record, the judgment of the trial court is affirmed.