### W. A. NAILL v. THE STATE.

No. 662.    Decided June 1, 1910.

**1.—Bribery—Indictment—Executive Officer—Judicial Officer—City Charter.**

Where, in a prosecution of bribery, in which the indictment charged that defendant offered to bribe the assistant city attorney of an incorporated city, the charter of said city showed that there was no such officer in existence, the indictment was fatally defective.

**2.—Same—Assistant—Deputy.**

An assistant does not mean a deputy; clerks and other public officers have assistants who are not deputies, though a deputy is an assistant. The word assistant is more comprehensive than the word deputy, including those who are sworn or not sworn, while deputy implies only the sworn assistant.

Appeal from the District Court of El Paso. Tried below before the Hon. Jas. R. Harper.

Appeal from a conviction of offering to bribe an officer; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Dan M. Jackson* and *M. W. Stanton* and *Moore & Moore,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for bribery with a penalty of two years confinement in the penitentiary.

The indictment was returned into the District Court of El Paso County, on January 28, 1910, and charged that the appellant in June, 1909, in the county of El Paso, "did then and there unlawfully, wilfully and corruptly offer to bribe Volney M. Brown, then and there an official of the city of El Paso, Texas, to wit, the duly appointed, qualified and acting assistant city attorney of the city of El Paso, Texas, and whose duty it was in his capacity as such official, when information was laid before him, to determine whether or not prosecutions should be begun in the Corporation Court of the city of El Paso, Texas, upon charges of vagrancy, and whose duty it was in his capacity as such official to prosecute such criminal causes in said court when such prosecutions were instituted and then and there the said Volney M. Brown, as such official in the discharge of his duty as such official, was considering the question of whether or not he should cause to be instituted and should prosecute in said Corporation Court in the city of El Paso, Texas, a criminal action against the said W. A. Naill, charging the said W. A. Naill with the offense of vagrancy as defined under the laws of the State of Texas, and it was the duty of the said Volney M. Brown as such official to determine whether or not such criminal action should be instituted in said Corporation Court, and to prosecute such action in the said Corporation Court should such action be there instituted, and with intent to bias and influence the said Volney M. Brown's act and decision in said matter, the said W. A. Naill did then and there unlawfully, wilfully and corruptly offer and promise to give him, the said Volney M. Brown, a large sum of money, the amount of such money being unknown to the grand jurors, if he, the said Volney M. Brown, would hold off from instituting and prosecuting such a cause against the said W. A. Naill, as a bribe and inducement to the said Volney M. Brown to act in a particular manner in said matter, as desired by the said W. A. Naill, against the peace and dignity of the State."

The appellant filed a motion to quash the indictment alleging several grounds, one of which was that the said Volney M. Brown was not a duly qualified and acting city attorney of the city of El Paso; that he was neither an executive, legislative or judicial officer within the meaning of the Penal Code, and that no such office was created under and by virtue of the charter of the city of El Paso, and that the charter of the city of El Paso did not authorize the creation of an official known as an acting assistant city attorney, and that no such office was created by said charter. Article 125 of White's Penal Code reads as follows: "If any person shall bribe or offer to bribe any executive, legislative or judicial officer after his election or appointment, and either before or after he shall have been qualified or entered upon the duties of his office, with intent to

influence his act, vote, opinion, decision or judgment on any matter, question, cause or proceeding which may be then pending or may thereafter by law be brought before such officer in his official capacity, or do any other act or omit to do any other act in violation of his duty as an officer, he shall be punished by confinement in the penitentiary for a term not less than two nor more than five years." Article 127, White's Penal Code, defines who are executive, legislative and judicial officers as follows: "Under the name of executive, legislative and judicial officers are included the governor, lieutenant-governor, comptroller, secretary of state, state treasurer, commissioner of the general land office, commissioner of agriculture, insurance, statistics and history, superintendent of public instruction, members of the legislature, aldermen of all incorporated cities and towns in this state, judges of the supreme, district and county courts and of the court of appeals, attorney-general, district and county attorneys, justices of the peace, mayors and judges of such city courts as may be organized by law, county commissioners, and all other city, county and state officials." If, therefore, the charter of the city of El Paso authorized the creation of the office of assistant city attorney, such officer would fall under the provisions of article 127. We must, therefore, look to the charter of the city of El Paso to determine whether there is such an officer in existence or not. By reference to the local and special laws of the Thirtieth Legislature, p. 24, we find the Legislature passed an Act granting a charter to the city of El Paso. Section 26 of this Act says: "The city attorney shall attend all meetings of the council and shall draw up all the ordinances of the city. He shall, when so requested, give advice in writing to the city council, the mayor, the treasurer, chief of police, health physician, or assessor and collector. He shall prosecute or defend, as the case may be, all suits or cases to which the city is a party and pending in any court sitting at El Paso County, or appealed from any of said courts. He shall attend the sessions of the Corporation Court, either in person *or by deputy,* and prosecute all persons charged with offenses therein, and for such purpose *he may appoint a deputy. . . .*" This is the only section in said charter that defines the duties of city attorney, and nowhere in said Act do we find any provision for the appointment of an assistant city attorney, and if Volney M. Brown was acting in any official capacity it must have been derived from the provision of section 26 of said Act. We are therefore confronted with the proposition whether "assistant attorney" and "deputy" mean the same thing. In the case of United States v. Adams, 24 Federal Reporter, p. 348, it was stated that an "assistant," as used in the Act of March 14, 1864, providing for the appointment of an additional assistant secretary of the treasury means one "who stands by and helps or aids another. He is not a deputy, and can not, therefore, act in the name of and for the person he assists, but only with him and under

his direction, unless otherwise expressly provided by law." An assistant does not mean a deputy. Clerks and other public officers have assistants who are not deputies, though a deputy is an assistant. The word "assistant" is more comprehensive than the word "deputy," including those who have been sworn or not sworn, while "deputy" implies only the sworn class. See Ellison v. Stevenson. There seems to be a distinction recognized by all authorities and will be found in every standard dictionary, between the word "assistant" and the word "deputy." They are not recognized as synonymous terms. The word "assistant" is universally defined as one who aids, helps or assists, while the word "deputy" is defined to be a person appointed to act for another, a substitute, a delegate, an agent. In the absence of any statutory provision, the assistant never acts officially for the principal. He is not required to be sworn nor to give bond. His capacity is more clerical than otherwise, while a deputy has a more enlarged meaning and may do anything that his principal can do. Our law authorizes and creates the office of deputy sheriff, deputy clerk, and they are authorized and empowered to do anything that can be done by the principal. Therefore, we can not hold that the words "assistant city attorney" are embraced within section 26 of the charter of the city of El Paso, which authorizes the city attorney to appoint a deputy. A deputy city attorney would have the duty imposed upon him the same as the city attorney. Assistant city attorney, unless the office was created by law, could not have the same power as the deputy. As was said in the case of Ellison v. Stevenson, supra, quoting from an English case, Norton v. Simmes, Hob., 12, in a case of an under sheriff, which case went further "because there the covenant that the under sheriff should not execute any execution for more than No. 20, without the special warrant of the high sheriff, was held void, because it was repugnant to the nature of the deputation. The rule, as laid down by the court, that a deputy, when he is created such, may do any act which his principal might do; that a restriction of the power of the deputy is void as contrary to the nature of the deputation; . . . for otherwise, the people might be greatly deceived and imposed upon, by confiding in one who was ostensibly a public officer, when in fact, by the terms of the contract between the principal and the deputy, the latter would be converted into a private agent. A distinction between the powers of a public officer, and those of his constituted deputy, would be so highly inconvenient in practice, that it ought not to be drawn unless the statute imperiously commanded." Continuing it is said: "A deputy is a clerk with all the powers of the principal. An assistant does not mean a deputy. Clerks and other public officers have assistants who are not deputies. Where the clerk desires to confide the business of administering oaths to witnesses, to one of his assistants who is not a deputy, the court may specially empower such

assistant; but a deputy by the very act and authority which constitutes him such, has power to do any act which his principal may do." We, therefore, hold that the charter of the city of El Paso did not create the office of assistant city attorney, and that the word "deputy," as provided in section 26 of said charter, does not mean the same thing as assistant city attorney. We further hold that as the charter did not create the office of assistant city attorney, that .Brown was neither an official ·de jure or de facto, and that no power was vested in him, and that he was not charged with any special duty. As said by the Supreme Court of Massachusetts in the case of Commonwealth v. Smith, 141 Mass., 135: "The general rule is that the performance of public duties can not be delegated by a public officer, and unless there is a clear expression in the statute to the contrary, it will be presumed that the Legislature intended that public duties which require the exercise of discretion, should be performed by public officers." We therefore hold that Brown was neither a legislative, judicial or executive officer within the meaning of article 125 of the Penal Code, and the said Brown not being an official within the meaning of the law no public duty was imposed upon him, and that he was neither required to institute nor prosecute in the Corporation Court of El Paso, parties for the violation of the law.

The motion to quash should have been sustained. The case will therefore be reversed and prosecution ordered dismissed.

*Reversed and dismissed.*