## NEEPER v. STEWART.

### No. 1171.

Court of Civil Appeals of Texas. Eastland.
Dec. 1, 1933.

Rehearing Denied Dec. 29, 1933.

Hamner & Ponder, of Sweetwater, for plaintiff in error.

John J. Ford, of Sweetwater, for defendant in error.

HICKMAN, Chief Justice.

On a former day of this term, we released an opinion reversing and rendering this cause. A careful reconsideration of the questions presented in the light of a motion for rehearing filed by defendant in error, in which our attention is directed to articles of the statute not cited in the original brief, we have concluded that we reached an incorrect conclusion. That opinion will therefore be withdrawn, and this opinion on rehearing will be substituted therefor.

Defendant in error, Joe A. Stewart, is the duly elected, qualified, and acting county superintendent of Nolan county, and was such on all dates mentioned in this opinion. On about January 1, 1931, he selected plaintiff in error, Mrs. Ethel Bain Neeper, as his assistant. Thereafter, on the 17th day of February, 1931, at a meeting of the county school trustees of Nolan county, hereinafter some-

times called the board, Mrs. Neeper, upon Mr. Stewart's nomination, was elected by the board as assistant county superintendent, at a salary of $100 per month. That salary was regularly paid her from January 1, 1931, to April 1, 1932, by vouchers drawn upon the county depository of school funds of Nolan county, which vouchers were approved by defendant in error. On April 2, 1932, the superintendent notified Mrs. Neeper that her services were no longer required, and informed her that she was discharged at that time from any further employment. Mrs. Neeper insisted on continuing in the performance of the duties of her office, and refused to concede the right of Mr. Stewart to discharge her. For a few days she attempted to work in the office, but on April 6th the superintendent changed the lock on his office door and thereafter refused admission to her. The board issued a voucher for $100 for Mrs. Neeper's salary for the month of April, 1932, which voucher was paid by the depository without the approval of the superintendent. This was probably due to an oversight. On August 3, 1932, at a meeting of the board, the following proceedings were had:

"It was moved by Mr. Barton, and seconded by Miss Fowler that Mrs. Neeper be paid for the months of May, June and July, and that the county superintendent be instructed to approve warrants amounting to $300.00 in payment of salary for this time, and that her services be discontinued at the end of this period. Mr. Barton and Miss Fowler voted in the affirmative. Mr. McElmurry did not vote."

Pursuant to that action the board drew three vouchers, each in the sum of $100, duly signed by A. J. Rogers, its president, specifying salary for the months of May, June, and July, respectively. These vouchers were drawn in favor of Mrs. Neeper, and were presented to the superintendent for approval. He refused to approve them, and this action was brought by her for the purpose of compelling him by writ of mandamus to approve same. The case was tried before the court without the aid of a jury, and resulted in a judgment denying to plaintiff in error the relief sought. That judgment has been properly brought to this court for review.

The provisions of the statute with reference to an assistant county superintendent are very meager. The only provision with reference thereto to which we are referred by the briefs of the parties is contained in Revised Statutes 1925, art. 2700. This article deals primarily with the salary and expenses of the county superintendent, but in the body thereof will be found this language:

"The county board of trustees may make such further provision as it deems necessary for office and traveling expenses for the coun-

ty superintendent and any assistant he may have; provided that expenditures for office and traveling expenses shall not exceed three hundred dollars per annum, and the county board of trustees may make provision for the employment of a competent assistant for the county superintendent who shall, in addition to his other duties, act as attendance officer; and said board is hereby authorized to fix the salary of such assistant and pay the same out of the same funds from which the salary and expenses of the county superintendent are paid."

■ Upon a consideration of this statute, the court below concluded as a matter of law that the county superintendent had the right and authority to designate the person who should serve as assistant county superintendent, and had the right and authority to discharge that person at his discretion. It is doubtless true, as contended by defendant in error, that the right to discharge, where no definite term is fixed by law, is in him who has the right to employ. Shanks v. Howes, 214 Ky. 613, 283 S. W. 966; State ex inf. Barrett ex rel. Bradshaw v. Hedrick, 294 Mo. 21, 241 S. W. 402; McGregor v. Cain, 180 Ark. 746, 22 S.W.(2d) 393. The controlling question, therefore, is: Who had the right to employ Mrs. Neeper as assistant superintendent? That question cannot be answered by a consideration alone of the language of article 2700, above quoted. No express authority is there delegated, either to the board, or to the county superintendent, to employ an assistant superintendent. A construction of the language there used is therefore required.

Article 3902, R. S. 1925, provides for the appointment of "deputies or assistants" for certain county officers. The list of such officers to which that article is applicable is as follows: County judge, sheriff, county clerk, county attorney, district attorney, district clerk, tax collector, tax assessor, justice of the peace, and constable. In that article is found the following language: "Provided that in no case shall said commissioner's court or any member thereof attempt to influence the appointment of any person as deputy or assistant in any office." A public policy is thereby manifested in case of county and precinct officers generally to empower such officers to select their deputies or assistants and to forbid the commissioner's court, or any member thereof, from attempting to influence such officers in their selection of assistants. The reason for this policy is obvious. Officers elected to discharge public trusts, and upon whom the responsibility for the proper discharge thereof rests, should be free to select persons of their own choice to assist them in its discharge. The office of county superintendent is not included in the list of officers to which article 3902 is applicable. That is doubtless due to the fact that such officer receives his salary from a fund controlled by the county school trustees and not by the commissioners' court. In the administration of the school fund of the county, the county school trustees possess powers similar to those of the commissioners' court in administering the other affairs of the county. There could be no possible reason for denying to the county superintendent the right to name his assistant or assistants while at the same time granting that right to all other county officers, and a purpose to do so is not manifest by the provisions of article 2700, above quoted.

■ Further than that such assistant shall act as attendance officer, his or her duties are not defined. "The word 'assistant' is universally defined as one who aids, helps, or assists." Naill v. State, 59 Tex. Cr. R. 484, 129 S. W. 630, 631, Ann. Cas. 1912A, 1268. A conclusion that the Legislature had in mind the performance by the assistant superintendent of duties not connected with, or under the direction of the superintendent could not be justified. No such duties are named, and the word "assistant" necessarily implies that the duties are to be performed in connection with, and under the direction of the superintendent. In the case of Morrow v. Chamberlain Board of Education, 7 S. D. 553, 64 N. W. 1126, 1128, it is said, "The term 'assistant principal,' when applied to the school work, implies a position subordinate to that of the principalship of the schools." The statute should not be construed as denying to the superintendent the power to employ and discharge his assistant, unless that construction is required by its language, for, lacking in that power, he has no means of securing obedience to his instructions.

The construction is not altered by the provision of article 2700 to the effect that the assistant shall act as attendance officer. Article 2895, R. S. 1925, vests in the county school trustees of counties having a certain scholastic population the power to elect a school attendance officer upon petition of at least fifty resident freeholders. The duty imposed upon the assistant superintendent to act as attendance officer does not have the effect of constituting her the attendance officer requiring her election in accordance with the provisions of article 2895. It is provided in that article that "In any county or independent district where such attendance officer is not so elected, the duties of said attendance officer shall devolve upon the school superintendents and peace officers of such county or district who shall perform the same without additional pay." The effect of that provision is not to make attendance officers of the several school superintendents and peace officers of a county, but only to add certain duties to their respective offices. The same effect must be given to the provision of article 2700 that the assistant superintendent shall act as attendance officer. It cannot be reasoned that article 2700 makes the assistant superintendent

the attendance officer, and that, since the board alone has the power to elect the attendance officer, it must follow that it has the power to elect the assistant superintendent, for such reasoning would lead to the conclusion that the board has the power to elect school superintendents and peace officers.

Construing article 2700 as a whole and in connection with the other articles above mentioned, it is our conclusion that the county superintendent, and not the county school trustees, is vested with the power to elect his assistant, from which it follows that he alone has the right to discharge her. So construing the statute, it is our conclusion that the court below did not err in refusing the mandamus, and it is accordingly ordered that the judgment heretofore rendered herein be set aside and held for naught, and that, in lieu thereof, judgment be entered affirming the judgment of the trial court.

Affirmed.