

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. J. Wardlaw, Commissioner
Livestock Sanitary Commission
2005 W. T. Waggoner Building
Fort Worth, Texas

Dear Sir:

Opinion No. 0-1210
Re: Chairmanship of Livestock
Sanitary Commission

We acknowledge receipt of your letter of July 31, 1939, in which you request an opinion of this Department on the question of whether or not the Governor of Texas has the authority to appoint a Chairman of the Livestock Sanitary Commission to supersede the Chairman appointed by a previous Governor for a term of office of six years, only two of which have expired.

The following statement of the fact situation is condensed from your letter, and we state it here as the basis upon which this opinion will be rendered. On February 24, 1937, Governor James V. Allred, by virtue of the authority granted him under Article 7009, Revised Civil Statutes of 1925, as amended by Chapter 131, Acts of the 45th Legislature, appointed L. J. Wardlaw as a member of the Livestock Sanitary Commission and designated him as Chairman of the Commission. This appointment was for a term of six years. The other two appointees to the Commission were Roy Jackson for a term of two years, and R. H. Martin for a term of four years. Said Roy Jackson's term of office expired on May 21, 1939, thereafter Governor W. Lee O'Daniel appointed Roy Loventhal as a member of the Commission to serve for a period of six years, and named Mr. Loventhal Chairman of the Commission. Thus the question arises as to whether the Chairman of the Livestock Sanitary Commission is L. J. Wardlaw or Roy Loventhal, and that issue appears to be the only one which this Department is called upon, at this time, to answer.

We have examined the authorities submitted in your brief and we agree with you in the following conclusions of law:

1. When the Governor's appointment is dependent upon concurrence of the Legislature, an officer cannot be removed summarily by the Governor.

2. When an office is created for a definite term, the appointee can only be removed for cause established by court decree.

3. An office is not property within the constitutional provisions against depriving persons of property.

4. The expiration of an incumbent's term of office creates a vacancy.

It is well settled that an officer who holds his office for a term fixed by law cannot be removed at the pleasure of the executive and that an appointee holding an office under such conditions can only be removed for cause established at a hearing at which he is given definite notice and ample opportunity to appear and present his defense. See Upshaw vs. Booth, 37 Tex. 126; Ridgeway vs. City of Fort Worth, 243 S. W. 745, and authorities therein cited; Dorenfield vs. State, 73 S. W. (2d) 86; Honey vs. Graham, 39 Tex. 11.

On January 21, 1933, in an opinion directed to Honorable Will N. Martin, Chairman of the Senate Committee on Nominations of the Governor, Attorney General James V. Allred held that neither the Governor nor any of his successors had any power over an appointment once been made and submitted to the Senate for approval unless such power was exercised with Senatorial acquiescence. In this connection, Attorney General Allred said: "The executive power invested in the Governor is continuous and knows neither names, persons, or terms of office."

Article 7009, Revised Civil Statutes of 1925, as amended by Acts of 1937, 45th Legislature, p. 253, Ch. 131, reads as follows:

"The Governor shall within thirty (30) days after this Act becomes effective by, and with the advice and consent of the Senate appoint three (3) citizens of the State, as a Live Stock Sanitary Commission of the State of Texas. The Governor shall designate one such member as a Chairman. Each commissioner shall give a bond payable to the State of Texas in the sum of Ten Thousand Dollars ($10,000) to be approved by the Comptroller. Each Commissioner shall be a bona fide resident of and a practical live stock raiser in the community from which he may be appointed, and shall have been actively engaged in said business for at least five (5) years next preceding the date of his appointment. One of said Commissioners shall be appointed from the West, one from the South, and one from the Eastern portion of Texas. The word 'Commission' as used in this Chapter shall mean the Live Stock Sanitary Commission of the State of Texas. That beginning with the appointment of said Commissioners, the term of office of the members of the Commission shall be for a period of six (6) years, except that those first appointed shall be appointed for two (2), four (4), and six (6) years, and that they shall serve until their

successors have been appointed and have duly qualified. All vacancies which shall occur in the Commission for any reason shall be filled in the same manner as hereinbefore provided and shall be for the unexpired term."

Under the provisions of this Article it cannot be disputed that the Governor has no power to remove a commissioner once he has been appointed and approved by the Senate. It will be noted, however, that this Article does not provide that the Governor shall appoint a Chairman of the Commission and two Commissioners. The only expression relative to the Chairmanship of the Livestock Sanitary Commission is the statement that "the Governor shall designate one such member as Chairman." After all appointments to the Commission have been made and approved by the Senate the Governor may then designate one member of the Commission as Chairman and such designation does not require the advice and consent of the Senate. Virtually the same provision is found in Article 6664, relating to the appointment of the State Highway Commission. The custom and established practice with reference to the designation of the Chairman of the Highway Commission has been to recognize the sole and unrestricted power of the Governor.

In your brief you cite the case of Tennyson vs. State, 6 S. W. (2d) 1021, as authority for the statement that a vacancy in an office exists for the purpose of making a new appointment upon the expiration of the incumbent's term. The law as reflected by this opinion is undisputed but the absolute prerequisite to such a holding is the existence of a definite term of office. In the absence of constitutional or statutory restraint, the power to appoint an officer carries with it as an incidental power the right to remove the appointee at will. Where the duration or term of office is not fixed by law and no provision is made for the removal of the incumbent the power of appointment necessarily carries with it the power of removal. See 34 Tex. Jur. 394, para. 42; Keenan vs. Perry, 24 Tex. 253; Neeper vs. Stewart, 66 S. W. (2d) 812. The following statement is from 46 Corpus Juris p. 964, paragraph 98:

"Where the term of office is not fixed by law, the officer is regarded as holding at the will of the appointing power, even though the appointing power attempts to fix a definite term; and an officer removable at the pleasure of the appointing power has, in the strict meaning of the word, no 'term' of office. A constitutional provision that terms of office not fixed by the constitution shall not exceed a specified time does not enlarge the duration of an office held at the pleasure of the executive."

We cite the following cases in support of the general rule above quoted: Touart vs. State, 56 So. 211, Ala. Sup. Ct; Greene vs. Owen, 34 S. E. 424, N. Carolina Sup. Ct.; Childs vs. State, 33 L.R.A. 563, Okla. Ct. of Criminal Appeals; Wright vs. Gamble, 35 L.R.A. 866, Georgia Sup. Ct.; Quernheine vs. Asselmeier, et al, 129 N. E. 828, Ill. Sup. Ct.

Honorable L. J. Wardlaw, page 4 (O-1210)


            As we have already pointed out Article 7009 does not re-
quire that the Senate approve the Governor's designation of the Chairman
of the Livestock Sanitary Commission.  The Legislature has by the provi-
sions of this Article given to the Governor the sole power of appointment.
No attempt is made to provide for the method of removal of such chairman
nor does any provision appear fixing the term of office of the Chairman
of the Livestock Sanitary Commission.  It is the opinion of this Depart-
ment that the power to designate the Chairman of the Livestock Sanitary
Commission of Texas lies solely within the province of the Governor and
can be exercised at will without the advice and consent of the Senate
and without regard to previous designations made by another Governor.

                                        Yours very truly

                                        ATTORNEY GENERAL OF TEXAS


                                        By  /s/ Ross Carlton
                                            Ross Carlton
                                            Assistant

RC:N:IM

            APPROVED SEP 13, 1939

            /s/ Gerald C. Mann

            ATTORNEY GENERAL OF TEXAS


                            APPROVED
                            OPINION
                            COMMITTEE
                            BY /s/ B.W.B.
                                CHAIRMAN

O.K.
GRL