

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
WILSON COLLINS
ATTORNEY GENERAL

Honorable Charles H. Theobold
County Attorney
Galveston County
Galveston, Texas

Dear Mr. Theobold:

Opinion No. O-5890
Re: Authority of County Commis-
sioners to authorize an em-
ployee to approve payroll.

Your letter of recent date received in this office.
We quote the following from same:

"The payroll for the first half of February
was properly prepared but the commissioner did
not approve the same with his signature but sent
a pencil note to the county engineer to permit
the commissioner's foreman to sign the payroll
for the Commissioner. The county auditor refused
to accept such an approval and insisted that the
commissioner should sign the payroll in person.

"There is nothing to show that the commis-
sioner was physically incapacitated or that he
was ill or any reason why he authorized his fore-
man to approve the payroll in the commissioner's
name.

"I respectfully request that you render me
an opinion for the information of the county audi-
tor as to whether a county commissioner may au-
thorize one of his employees, who is also on the
payroll, to approve the payroll by signing the com-
missioner's name * * *." (Underscoring ours).

"I am led to the conclusion that this is one
of the personal acts that must be performed by
that official and cannot be delegated to another."

At the First Called Session of the 33rd Legislature of
Texas (1913) there was enacted a statute creating a road system
for Galveston County. This Act is known as "House Bill No. 73,
Chapter 10 of the Special Laws" enacted by such Legislature,
and became effective August 19, 1913.

Certain sections of said Act, enumerated as follows, provide:

"Section 1. That the members of the county commissioners court of Galveston shall be ex-officio precinct road commissioners of their respective precincts, and under the direction of the county commissioners court shall have charge of all the teams, tools, machinery and road implements or appliances of every kind belonging to said county, and it shall be their duty under such rules and regulations as the said commissioners court may prescribe, to superintend the laying out of new roads, the making or changing of roads, and the building or repairing of bridges. Each county commissioner shall be entitled to receive from said county for his compensation as such precinct road commissioner the sum of $1500.00 per annum, payable in regular monthly installments of $125.00 per month, to be inclusive of other compensation allowed them by law, and for the faithful performance of his duties as such precinct road commissioner shall be liable on his bond given as such county commissioner.

"* * * * * *.

"Sec. 3. Each county commissioner shall have control over all road overseers of his precinct, and shall provide for each of them all teams, tools, machinery and appliances deemed necessary in laying out or working its roads in the precinct of such commissioner. The receipt of such overseer shall be taken for all such property turned over to him, and when he has finished his work, or at the close of his term of employment such overseer shall return to said commissioner all teams, tools and property coming into his hands."

Said above mentioned Act was amended by Senate Bill No. 286, Chapter 237 of the General and Special Laws of Texas (1943) enacted by the 48th Legislature in Regular Session. Said amendment became effective May 6, 1943, and added Section 2a providing for additional duties of the county commissioners, and Section 2b providing for the payment of traveling expenses to the county commissioners for certain duties performed.

The validity of said Acts was upheld in our Opinion No. 0-5328 which was written in answer to a query from your present county auditor. As we presume you have access to such

opinion, we will not enclose a copy herewith.

Said House Bill No. 73, under which Galveston County is now operating, does not specifically provide for any report to be made by the ex-officio road commissioners of money expended or contracted to be expended for labor performed on county roads, bridges, etc.

It is well settled, however, that a law which confers a power or imposes a duty upon an officer carries with it by implication the authority to do such things as are reasonably necessary to carry into effect the power granted or the duty imposed. Thus power to do certain work or to accomplish a certain result, which cannot otherwise be accomplished, implies the authority to employ such agents as may be reasonably necessary to accomplish the work or purpose specified, and to engage them for such length of time as is reasonably necessary. (34 Tex. Jur. 444)

Certainly, the filing of a claim for the payment of such agents or employees for their services performed would be one of the reasonably necessary duties incumbent upon such ex officio road commissioner.

Article 1660, V.A.C.S., 1925, provides in regard to claims as follows:

"All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. The auditor shall examine the same and stamp his approval thereon. If he deems it necessary, all such accounts, bills, or claims must be verified by affidavit touching the correctness of the same. The auditor is hereby authorized to administer oaths for the purposes of this law."

"In the absence of a clear expression in the statute to the contrary it will be presumed that the Legislature intended that public duties which require the exercise of discretion should be performed by public officers." --Naill v. State, 59 Crim. Rep., 484, 129 S.W. 630, Ann. Cas. 1912A, 1268.

In no event, in the case before us, could an agent or employee approve the payroll, as such approval is an exercise of discretion.

We will not discuss here whether same can be signed with the commissioner's name by an agent under some circumstances, as that is precluded by the auditor's refusal to accept the payroll so presented. In refusing to accept said payroll, we must presume the auditor was not acting arbitrarily but was acting under the authority of law given him by said Article 1660, supra, to require that the claim be verified by affidavit which is a personal act that could be done only by the county commissioner.

Therefore, we agree with your conclusion as expressed in your letter.

Hoping the above fully answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

RLL-MR-wc

APPROVED MAR 17, 1944
s/Geo. P. Blackburn
ATTORNEY GENERAL OF TEXAS