

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 26, 1958

Dr. Ira E. Woods,
President, Texas State Board
  of Examiners in Optometry,
307 Bolm Building,
Austin, Texas

Opinion No. WW-400.

Re: Authority of the Texas
State Board of Examiners
in Optometry to pay the
salary of Executive
Director of the Board in
accordance with the reso-
lution passed by the Board
on January 28, 1958.

Dear Dr. Woods:

You have requested an opinion of this office concern-
ing the authority of the Texas State Board of Examiners in
Optometry to pay the salary of an Executive Director of the
Board hired by resolution of the Board on January 28, 1958.
This resolution reads as follows:

"Resolved, that in accordance with the
provisions of Article 4556 of the Revised Civil
Statutes of Texas, the board does hereby employ
the services of Mr. Joe S. Moss of Houston, Texas,
as a necessary assistant in carrying out the pro-
visions of the Texas Optometry Act. It shall be
the duty of Mr. Moss to assist the board, the
members of the board, the Attorney General and
the county and district attorneys of the State
of Texas wherever necessary to carry out the
provisions of the Optometry Act. Mr. Moss shall
bear the title of Executive Director and shall
receive for his services the sum of $500 per
month, effective January 1, 1958. It is further
provided that Mr. Moss's services and the Board's
obligation to pay him therefor may be terminated
at any time by the Board or by Mr. Moss."

Article 4556 of Vernon's Annotated Texas Civil Stat-
utes, reads in part as follows:

". . . The Board shall have the power to
make such rules and regulations not inconsistent
with this law as may be necessary for the perform-
ance of its duties, the regulation of the practice
of optometry and the enforcement of this Act. . . .

The Board shall have the power to employ the services of stenographers, inspectors, and other <u>necessary assistants in carrying out the provisions of this Act. . . ."</u> (Emphasis ours)

The problem resolves itself into a question of the interpretation of the term "necessary assistants" as used in Article 4556 and whether Mr. Moss falls within the term as therein used.

The rule making power of the Optometry Board as well as the power to employ assistants is prefaced by the word "necessary". This word does not have a fixed and definite meaning but is a word of flexibility, expressing degrees relative to the situation and context in which it is used. <u>Scott v. Walden</u>, 140 Tex. 31, 165 S.W. 2d 449 (1942).

In the case of <u>Kee v. Baber</u>, 303 S.W. 2d 376 (Tex. Sup., 1957), the rule making power granted to the Optometry Board by Article 4556 was before the court. It was there stated at page 380 that the language which grants rule making authority "lends support to a construction favoring a broad and liberal delegation of authority".

The most widely accepted definition of the word "assistant" is stated to be one who aids, helps, or assists. <u>Naill v. State</u>, 59 Tex. Crim. 484, 485, 129 S.W. 630, 631 (1910). In view of the fact that in <u>Kee v. Baber</u>, <u>supra</u>, the power granted to the Optometry Board to make "necessary" rules and regulations is construed to be a broad power, it is our opinion that the power to hire "necessary assistants" is a broad discretionary power to hire persons to aid, help, or assist the Board in carrying out the purposes of the Optometry Act.

The provisions of the Optometry Act provide for the regulation of the practice of optometry by the Optometry Board. In his capacity as Executive Director Mr. Moss performs the following duties:

"1. He assists the Attorney General and county and district attorneys of the State in the preparation, prosecution and trial of law suits involving violations of the Optometry Act.

"2. At hearings before the board under Article 4563, Revised Civil Statutes of Texas, Mr. Moss presents evidence and assists the board in conducting the hearing.

"3. He is in charge of investigations and the assembling of evidence in connection with violations of the Texas Optometry Act."

It is, therefore, our opinion that the Texas State Board of Examiners in Optometry was authorized to employ and pay the salary of the Executive Director of the Board, as a "necessary assistant", in accordance with the resolution passed by the Board on January 28, 1958.

## SUMMARY

An Executive Director hired by resolution of the Texas State Board of Examiners in Optometry to assist the Board, Attorney General and county and district attorneys in carrying out the provisions of the Optometry Act is a "necessary assistant" within the meaning of Article 4556, and his salary may be paid from the funds of the Board.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O. Shultz
Assistant

WOS:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Richard B. Stone
Morgan Nesbitt
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert.