

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 18, 1977

Overruled by _____ 437
_____

The Honorable John C. Knorpp
Donley County Attorney
P. O. Drawer J
Clarendon, Texas   79226

Opinion No. H-993

Re:  Appointment of county commissioner's wife as deputy tax assessor-collector for the county.

Dear Mr. Knorpp:

You advise that in Donley County the commissioners court sets and approves the monthly salaries of all officials, including that of the deputy tax assessor-collector.  The Sheriff-Tax Assessor-Collector of the county, who hires and fires his own deputies, has hired the wife of a county commissioner as deputy tax assessor-collector.  You observe that the commissioner would normally have a community property interest in his wife's county salary, and then ask:

> May the Sheriff-Tax Assessor-Collector appoint as deputy tax assessor-collector the wife of one of the County Commissioners?

> If your answer is in the affirmative, will a written agreement as to the salary of the deputy as being the wife's and the husband having no interest in it suffice?

In discussing the nepotism statute, we said in Attorney General Opinion H-697 (1975):

> Article 5996a generally provides that no officer of a county or member of a county board or court may appoint, vote for, or confirm the appointment to any office or position compensated by public funds of any person related to the person so appointing or so voting or to another member of the board or court within the second degree by

affinity or the third degree of consanguinity.
See Letter Advisory No. 67 (1973). County
commissioners are included. V.T.C.S., art.
5996b.

This provision is not violated, however,
if a relative of a member of a governing body
is hired for a position authorized by that
body, when the governing body does not exercise
control over the person to be selected. See
Attorney General Letter Advisory No. 79 (1973)
and authorities cited therein.

Where the nepotism statute is applicable, the wife of
an officer to whom the prohibition applies is considered
to be related to him within the second degree of affinity.
Attorney General Opinions V-785 (1949); V-359 (1947); O-4973
(1942); O-31 (1939); Attorney General Letters Advisory Nos.
79 (1974); 68 (1973). But here, absent "trading" or some
other illegal evasion of the law, article 5996a would not
apply. See V.T.C.S. art. 5996c.

The commissioners court of a county and its members are
statutorily prohibited from attempting to influence the
appointment of any person as a deputy, assistant or clerk
in another office. V.T.C.S. art. 3902; Attorney General
Opinion H-697 (1975). See Neeper v. Stewart, 66 S.W.2d 812
(Tex. Civ. App. -- Eastland 1933, writ ref'd). Thus, neither
the commissioners court nor individual commissioners can
legally prevent the sheriff from hiring the wife of a
commissioner if she is otherwise eligible for the position,
and article 5996a would not apply. Attorney General Letter
Advisory Nos. 116, 115 (1975).

The community property interest of a commissioner in
the county-paid salary of his wife was not addressed as an
issue in any of the opinions cited above, however.

Article 2340, V.T.C.S., reads:

Before entering upon the duties of their
office, the county judge and each commissioner
shall take the official oath, and shall also
take a written oath that he will not be
directly or indirectly interested in any

> contract with, or claim against, the county
> in which he resides, except such warrants
> as may issue to him as fees of office . . . .

(Emphasis added).

In Attorney General Opinion H-624 (1975), we decided that article 2340 prohibited a county from entering a contract with a farmer's cooperative in which a commissioner owned a small share, saying:

> While the interest involved here appears
> so negligible as to be insignificant, the
> controlling statute is cast in absolute
> terms and the public policy of the matter
> is clear:  members of a commissioners court
> must avoid all situations which result in
> their personal pecuniary gain at the expense
> of the county.  See Attorney General Opinion
> H-329 (1974).

The salary earned by a spouse during marriage is community property.  Family Code § 5.01.  Thus, the husband in this case would normally have a community interest in his wife's salary.  Although married couples may convert community property into separate property if they comply with the relevant constitutional and statutory provisions, Hilley v. Hilley, 342 S.W.2d 565 (Tex. 1961), we do not believe that the husband may in this manner free himself of all interest in his wife's salary.  See e.g., Family Code §§ 3.59; 4.02; 5.22 (a)(2); 5.42; 5.61; Attorney General Opinions H-329 (1974); WW-1406 (1962).  Thus, whether the wife's salary remains community property or becomes separate property, the husband has a direct or indirect interest in it, in violation of his oath under article 2340.

We believe the wife may continue to serve if she renounces her salary, thereby preventing her husband from having an interest in her salary claim against the county.  See Attorney General Opinions H-329 (1974) and H-6 (1973).  If he chooses to resign from the commissioners court, she may thereafter serve as deputy tax assessor-collector and receive her salary.  If the husband remains on the commissioners court and his wife claims salary from the county, his interest in that claim will cause him to violate his article 2340 oath and

render her employment contract null and void as against public policy. Bexar County v. Wentworth, 378 S.W.2d 126 (Tex. Civ. App. -- San Antonio 1964, writ ref'd n.r.e.); Starr County v. Guerra, 297 S.W.2d 379 (Tex. Civ. App. -- San Antonio 1956, no writ); Attorney General Opinion H-624 (1975).

## S U M M A R Y

The nepotism statute does not bar a county from employing as deputy tax assessor-collector the wife of one of its county commissioners, where the commissioners have no control of the hiring or firing of such deputies. The husband has an interest in his wife's salary claim against the county, which causes him to violate the oath required by article 2340, V.T.C.S., and renders her employment contract null and void.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml