

# The Attorney General of Texas

December 14, 1984

M MATTOX
ttorney General

preme Court Building
O. Box 12548
stin, TX. 78711- 2548
2/475-2501
lex 910/874-1367
lecopier 512/475-0266

4 Jackson, Suite 700
llas, TX. 75202-4506
4/742-8944

324 Alberta Ave., Suite 160
Paso, TX. 79905-2793
5/533-3484

01 Texas, Suite 700
ouston, TX. 77002-3111
3/223-5886

6 Broadway, Suite 312
ubbock, TX. 79401-3479
06/747-5238

309 N. Tenth, Suite B
cAllen, TX. 78501-1685
2/682-4547

0 Main Plaza, Suite 400
an Antonio, TX. 78205-2797
2/225-4191

n Equal Opportunity/
firmative Action Employer

Honorable Abelardo Garza
Duval County Attorney
P. O. Drawer M
San Diego, Texas    78384

Opinion No. JM-254

Re: Whether the salary of an investigator employed by a county attorney and related to a county commissioner may be increased

Dear Mr. Garza:

You employ an investigator who is a first cousin of a Duval County commissioner. You would like the commissioners court to grant the investigator a salary increase and, for this reason, ask whether the commissioners court would violate the nepotism statute, article 5996a, V.T.C.S., if it approved the increase.

Article 332a, V.T.C.S., governs the employment of assistants, investigators, and other personnel by county attorneys. See art. 332a, §1 ("prosecuting attorney" defined to include "county attorney"). The county attorney "may employ such assistant prosecuting attorneys, investigators, secretaries, and other office personnel" as are necessary to operate his office. Id. §2. He is to set the salaries of his investigators and other personnel subject to the approval of the commissioners court. Id. §5. Article 3902, V.T.C.S., prohibits the commissioners court from attempting to influence the county attorney's choice of employees. See Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. – Eastland 1978, writ ref'd n.r.e.); Neeper v. Stewart, 66 S.W.2d 812 (Tex. Civ. App. – Eastland 1933, writ ref'd).

Article 5996a, V.T.C.S., provides that no member of the commissioners court

> shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board . . . or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or

from public funds or fees of office of any kind or character whatsoever. . . .

The commissioners court authorizes the position of investigator and has approval power over the county attorney's salary recommendations but has no control over the person who is appointed to that position. Under such circumstances, this office has determined that the action of the commissioners court does not come within the nepotism statute. See Attorney General Opinions H-697 (1975); O-4895 (1942); O-1954 (1940); O-480 (1939); Letter Advisory Nos. 116 (1975); 70 (1973). Nor does the court's action in approving a salary increase for the county attorney's investigator violate article 5996a, V.T.C.S. Attorney General Opinion H-1210 (1978). See Attorney General Opinion O-1849 (1940). The commissioners court cannot require that the salary be paid to a particular person. Thus, the commissioners court would not violate the nepotism law by approving a salary increase for the position of county attorney's investigator, even though the individual who serves as investigator is related to a commissioner within the prohibited degree.

## S U M M A R Y

The commissioners court would not violate article 5996a, V.T.C.S., by approving a salary increase for the position of county attorney's investigator, even though a first cousin of a commissioner holds that position. Article 3902, V.T.C.S., bars the commissioners court from influencing the selection of a person for that position.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Bruce Youngblood