OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


August 30, 2000

The Honorable A. J. (Jack) Hartel
Liberty County Attorney
P.O. Box 9127
Liberty, Texas 77575-9127

Opinion No. JC-0276

Re: Appointment and powers of a deputy treasurer (RQ-0224-JC)

Dear Mr. Hartel:

You have asked this office whether a county treasurer may appoint a deputy, and whether such a deputy may perform all acts which the treasurer may legally perform. We conclude that the treasurer may do so, provided the appointment is made in conformity with the employment provisions of chapter 151, subchapter A of the Texas Local Government Code; we further conclude that such a deputy is "a person appointed to act for another, a substitute, a delegate, an agent," and as such "may do anything that his principal can do." *Naill v. State,* 129 S.W. 630, 631 (Tex. Crim. App. 1910).

As a preliminary matter, you inquire about section 83.005(a) of the Local Government Code, which provides that "[i]n a county in which the county treasurer does not have a deputy, the county treasurer may appoint a person, subject to the approval of the commissioners court, to act in the treasurer's place. The appointed person may act in the treasurer's place only if the treasurer is absent, unavoidably detained, incapacitated, or unable to act." TEX. LOC. GOV'T CODE ANN. § 83.005(a) (Vernon 1999). Section 83.005(a), however, does not address your concerns. The purpose of the section is the appointment of a temporary replacement for the treasurer, not a deputy. As the Senate bill analysis of the measure which became section 83.005 explains, "Currently, in many counties, the county treasurer is the only person authorized to execute certain financial responsibilities. As a result, if the county treasurer is unable to perform these duties, the county's obligations may not be met on a timely basis. H.B. 1475 would authorize the county treasurer, in a county without a deputy county treasurer, to appoint a person to act in the treasurer's place if the treasurer is absent, unavoidably detained, incapacitated, or unable to act." SENATE COMM. ON INTERGOVERNMENTAL RELATIONS, BILL ANALYSIS, Tex. H.B. 1475, R.S. (1997). The person appointed pursuant to section 83.005, in short, is merely appointed to perform certain tasks for the period in which the treasurer is unable to do so. For that period, he or she is "[d]ressed in a little brief authority." WILLIAM SHAKESPEARE, MEASURE FOR MEASURE, act 2, sc. 2, ln. 118.

The appointment of a deputy treasurer is governed by chapter 151 of the Local Government Code. Section 151.001 provides that "[a] district, county, or precinct officer who requires the

services of *deputies*, assistants, or clerks in the performance of the officer's duties shall apply to the commissioners court of the county in which the officer serves for the authority to appoint the employees," TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 1999) (emphasis added), and further specifies the contents of such an application. The commissioners court determines the number of such appointments to be made, and authorizes the appointments. *Id*. § 151.002. The commissioners court may not, however, attempt to influence the appointment of any particular person. *Id*. § 151.004. The power to make the appointments is lodged in the officer who applied for them. *Id*. § 151.003.

The county treasurer is a county officer for the purposes of chapter 151 of the Local Government Code, and as such has the power to appoint a deputy treasurer if the provisions of that chapter are complied with. *See* Tex. Att'y Gen. Op. No. O-4454 (1942) (county treasurer had power to appoint deputy under statutory predecessor of chapter 151).

A deputy treasurer, once appointed, has the powers of his or her principal. A deputy is "a person appointed to act for another, a substitute, a delegate, an agent." *Naill*, 129 S.W. at 631. As distinct from an assistant, a deputy "may do anything that his principal can do." *Id*. "That one is called a deputy carries with it the fact that he is an alter ego for his superior, being charged with all the duties as well as the responsibilities of his superior, and empowered to perform the acts and discharge the duties of such superior, and to that extent becoming the superior himself in his superior's absence." *Bigham v. State*, 148 S.W.2d 835, 840 (Tex. Crim. App. 1941).

The statutory restrictions imposed by section 83.005 of the Local Government Code on the temporary substitute for the treasurer, namely that such a person may act "only if the treasurer is absent, unavoidably detained, incapacitated, or unable to act," are irrelevant to the proper appointment of a deputy treasurer pursuant to chapter 151. A deputy treasurer so appointed may exercise all the powers of the treasurer.

## S U M M A R Y

Section 83.005 of the Local Government Code concerns only the appointment of a temporary substitute for the county treasurer when the treasurer is "absent, unavoidably detained, incapacitated, or unable to act." TEX. LOC. GOV'T CODE ANN. § 83.005(a) (Vernon 1999). The appointment of a deputy treasurer is governed by chapter 151 of the Local Government Code. A deputy treasurer properly appointed pursuant to chapter 151 of the Texas Local Government Code may exercise all the powers of the treasurer.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee