ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 12, 2003

The Honorable Mark Burtner
Lamar County Attorney
119 North Main Street
Paris, Texas 75460

Opinion No. GA-0101

Re: Whether a sheriff may contract personally to provide security to a private entity (RQ-0031-GA)

Dear Mr. Burtner:

You ask whether the sheriff of Lamar County may contract with an apartment complex personally to provide security services. As you explain the matter, the sheriff's "duties would include enforcing criminal trespass, and other criminal misdemeanor and felony statutes."[1]

Your letter notes that a similar issue is addressed in Attorney General Opinion JM-57 (1983), which disapproved a proposed contract between Fort Bend County and a homeowners' association for the provision of four deputy constables to "'devote substantially all of their working time'" to law enforcement duties within the area covered by the homeowners' association; the association was to pay the deputies' salaries to the county. Tex. Att'y Gen. Op. No. JM-57 (1983) at 2 (citation omitted). The opinion found the proposed contract void:

> It is our opinion that a county sheriff or constable may not, through a contract executed by the commissioners court, contract away or restrict his discretionary duty regarding the appointment, assignment, and deployment of deputy peace officers.

*Id.* at 3. It followed the reasoning of *Clear Lake City Water Auth. v. Clear Lake Utils. Co.*, 549 S.W.2d 385 (Tex. 1977) that a governmental body may not "by contract or otherwise, bind itself in such a way as to restrict [the] free exercise of [its] governmental powers." *Clear Lake*, 549 S.W.2d at 391.

Sections 351.061 and 351.062 of the Local Government Code, adopted after the issuance of Opinion JM-57, would, as you put it, seem to "specifically overrule and authorize what Attorney General Opinion JM-57 . . . said was impermissible." Request Letter, *supra* note 1, at 2.[2] Section 351.061 authorizes a commissioners court to "contract with a nongovernmental association for the

---

[1] Letter from Honorable Mark Burtner, Lamar County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Mar. 18, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2] *See* Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex. Gen. Laws 707, 1146.

provision of law enforcement services by the county on a fee basis," TEX. LOC. GOV'T CODE ANN. § 351.061 (Vernon 1999), and section 351.062 determines the appropriate fee structure. *See id.* § 351.062. However, an opinion of this office following the enactment of the statutory predecessor of sections 351.061 and 351.062 found that statute unconstitutional as an improper delegation of official authority to a private entity:

> Under a contract authorized by [the statute], a nongovernmental body could insist that deputies assigned to patrol its property remain there, even if the public interest would be better served by their deployment elsewhere. The statute is not a legislative limit on the sheriff's discretion, but a legislative attempt to authorize a private entity to control the sheriff's discretion.

Tex. Att'y Gen. Op. No. JM-509 (1986) at 4. Having determined that the statute "is not a valid exercise of legislative power," Opinion JM-509 concluded that its enactment "does not alter the conclusion of Attorney General Opinion JM-57." *Id.*

Even were we to revisit the conclusions of Attorney General Opinions JM-509 and JM-57, however, Local Government Code section 351.061 would not authorize the contract you describe. By its terms, section 351.061 gives contracting authority to the commissioners court, not the sheriff. *See* TEX. LOC. GOV'T CODE ANN. § 351.061 (Vernon 1999). The statute here follows the ordinary rule that "the general power to make contracts binding upon the county belongs to the commissioners court." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 7. The sheriff, insofar as he is sheriff, is given no authority to enter into such a contract by section 351.061.

Moreover, Attorney General Opinion JM-57 does not address the precise issue at hand because it addresses the sheriff's authority to enter into a contract with a private entity with respect to deployment of the sheriff's deputies. By contrast, you ask about the sheriff's authority to enter into a contract with a private entity to exercise his own law enforcement authority, which raises separate issues.

The sheriff is an elected officer in whom the political power of the state is vested. A "sovereign function of the government is conferred" upon him which he exercises "for the benefit of the public *largely independent of the control of others.*" *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955). The sheriff is vested with discretion as to the deployment of his office's resources. *See Weber v. City of Sachse*, 591 S.W.2d 563, 567 (Tex. Civ. App.–Dallas 1979, writ dism'd). He may not contract away the exercise of that discretion. *See Clear Lake*, 549 S.W.2d at 391. Such resources include his own law enforcement authority. To the extent any such contract would impermissibly bind his discretion by obliging him to provide security services at the behest of, and solely to, any private individual or entity, the sheriff would not be able to enter into it.

Finally, we note that the arrangement you have described to us is distinguishable from a security services agreement between a private entity and a peace officer who performs such services while off duty, an activity recognized by chapter 1702 of the Occupations Code, the Private Security

Act.  *Cf. State ex rel. Hightower v. Smith*, 671 S.W.2d 32, 35 n.1 (Tex. 1984) (contrasting sheriff's arrangement for additional patrols to be made by on-duty deputies of apartment complex providing him with rent-free apartment with "usual arrangement where an officer agrees to provide *off-duty* security in return for compensation").  A deputy sheriff, for example, does not have the power to affect the sheriff's decision as to the deputy's deployment and does not contract away any governmental authority by working for a private entity during his off-duty hours.  As this office noted in Attorney General Opinion DM-212 (1993), unlike the sheriff, a deputy is not independently vested with such power.  "A deputy sheriff is still an agent of the sheriff and subject to the orders of the sheriff."  Tex. Att'y Gen. Op. No. DM-212 (1993) at 5, *citing Naill v. State*, 129 S.W. 630, 631 (Tex. Crim. App. 1910).

## S U M M A R Y

The sheriff of Lamar County may not enter into a contract which would oblige him to provide security services at the behest of, and solely to, a private apartment complex.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee