Mike **RENFRO** et al., Appellants,

v.

Doris **SHROPSHIRE,** County Clerk, Appellee.

No. 5149.

Court of Civil Appeals of Texas, Eastland.

May 4, 1978.

Rehearing Denied June 1, 1978.

Ralph A. Rash, Kuhn, Collins & Rash, Austin, for appellants.

Robert O. Smith, Austin, for appellee.

RALEIGH BROWN, Justice.

This appeal is from a judgment granting Doris Shropshire, County Clerk of Travis County, declaratory relief against the Commissioners Court of Travis County. Trial was before the court, which found that it had jurisdiction under the Declaratory Judgment Act and held that the Commissioners Court had no right to prescribe qualifications of persons to be employed in the county clerk's office and also the Commissioners Court had no right to require the clerk to complete "Form F" as a condition precedent to the submission of her requested budget. The Commissioners Court appeals. We affirm in part and reverse and dismiss in part.

Appellee agrees to the following fact statement by appellants:

"In April 1975, Jim Johnson, the personnel director for Travis County drafted a compensation and classification policy for all county employees which was approved by the commissioners court. The personnel policies embodied in the document include a salary system for classified personnel by which all positions are assigned to a range number on a pay scale of 1 through 30, with the lowest paying positions being placed at range 1 and the highest at range 30, and with each range containing seven salary steps beginning with a six-month probationary period at step A with salary increases each year thereafter through step G on a merit basis.

Under these adopted policies, no person recruited by the county clerk can be employed or placed on the payroll of her office without the permission of a personnel coordinator appointed by the commissioners court and approval by the commissioners court.

The commissioners court promulgated a budget package which is disseminated to department heads and county officials prior to budget hearings. It is contemplated that the department heads and officials will complete the budget package and return it to the auditor for eventual review by the commissioners court. Included in this budget package is a "Form F" questionnaire.

The auditor received the county clerk's budget request in September or October of 1976, complete except for the "Form

F". A memorandum purporting to be from the County Judge and Commissioners Court to Herbert Freitag, Assistant County Auditor, dated September 24, 1976 stated that:

'. . . it is the policy of this Commissioners Court not to review or consider Departmental budgets of which all requested forms are not completed. We would therefore ask that you return all budgets in which required data is missing so that the Department can complete the forms and return them in time for budget review process.'

But for that memorandum the county auditor would have presented the budget furnished to him by the county clerk to the commissioners court for evaluation and hearing . . ."

Appellants urge the trial court erred in holding that the Commissioners Court has no legal right to prescribe minimum qualifications for persons to be employed at the various salary steps established by the Commissioners Court.

In its judgment, the trial court held:

"The Commissioners Court of Travis County has the legal right and duty to approve a budget in January of each year for the office of the County Clerk of Travis County; and, in so doing, has an implied right to construct the budget for salaries of personnel upon a system of graduated salary steps and to prescribe the titles and number of persons who may be employed at each step. However, the commissioners court has no legal right to prescribe the qualifications of persons to be employed at the various salary steps and no legal rights to screen applicants or to veto appointments made by the county clerk to positions at the various salary steps."

Appellants contend the issue for resolution is whether the power of the Commissioners Court to fix salaries of county employees paid wholly with county funds also gives the County Commissioners Court by implication the power to adopt and implement a plan to aid them in determining what salary is proper with respect to each employee.

■ Commissioners Courts may exercise only such powers as the Constitution or the statutes have specifically conferred upon them. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451 (Tex.1948); *Starr County v. Guerra*, 297 S.W.2d 379 (Tex.Civ.App.—San Antonio 1956, no writ). Article 5, § 18 of the Texas Constitution says in part:

". . . The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed."

The court in *Glenn v. Dallas County Bois D'Arc Island Levee Dist.*, 275 S.W. 137 (Tex.Civ.App.—Dallas 1923, no writ) considering the authority of the Commissioners Court to handle "county business" said:

". . . Within the meaning of the Constitution creating and conferring jurisdiction upon commissioners' courts, we think it is proper to give to the term 'county business' a broad and liberal construction so as not to defeat the real purpose that was intended to be accomplished by the law in providing that the commissioners' court shall exercise such power and jurisdiction over all county business as is conferred by the Constitution and the laws of the state, or as may be hereafter prescribed; and not that meaning which would restrict the powers of jurisdiction to the business of the county in and for which said court was created, but to any and all business of that county and any other business of that county connected with or interrelated with the business of any other county properly within the jurisdiction of such courts under the Constitution and laws of the state . . ."

See also *Rodgers v. County of Taylor*, 368 S.W.2d 794 (Tex.Civ.App.—Eastland 1963, writ ref. n. r. e.).

Tex.Rev.Civ.Stat.Ann. art. 3912k, § 1 provides:

"Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act."

■ This article must be considered together with Tex.Rev.Civ.Stat.Ann. art. 3902, which says in part:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out . . . ."

Appellants argue that the legislature, by commanding the commissioners court to fix salaries of county employees, must have intended that the process of fixing the salaries be in accordance with some objective standards. To fix salaries, they argue, the commissioners court must be vested with the power to secure information about employees' qualifications.

Chief Justice Hickman, while serving on this court, considering Article 3902 in *Neeper v. Stewart*, 66 S.W.2d 812 (Tex.Civ.App. —Eastland 1933, writ ref'd) said:

". . . In that article is found the following language: 'Provided that in no case shall said commissioner's court or any member thereof attempt to influence the appointment of any person as deputy or assistant in any office.' A public policy is thereby manifested in case of county and precinct officers generally to empower such officers to select their deputies or assistants and to forbid the commissioner's court, or any member thereof, from attempting to influence such officers in their selection of assistants. The reason for this policy is obvious. Officers elected to discharge public trusts, and upon whom the responsibility for the proper discharge thereof rests, should be free to select persons of their own choice to assist them in its discharge . . . ."

The court in *Tarrant County v. Smith*, 81 S.W.2d 537 (Tex.Civ.App.—Fort Worth 1935, writ ref'd) considering the power of the commissioners court to name individuals as deputy sheriffs said:

"The sheriff is under as much obligation to conduct his office lawfully as is the commissioners' court its duties. Neither is Tarrant county, but each has a bounden duty to the administration of the county affairs. The commissioners' court can limit the number and salary of sheriff deputies, but they have no power over the naming of the individuals to be appointed, and are especially prohibited from attempting any such last-named influence. R.S. art. 3902 . . . ."

■ The naming by the county clerk of personnel to be employed in the office of county clerk is analogous to the naming of deputies by a sheriff. Since such naming is neither "county business" nor authorized by statutes, the commissioners court has no

legal right to screen applicants or to veto appointments made by the county clerk to positions at the various salary steps. We overrule appellants' first point of error.

The trial court found:

"In prescribing forms for use by County officials in filing 1976 and 1977 budget requests, *the Commissioners Court required* as a condition precedent to consideration of such requests that all county officials, including the County Clerk, complete its 'Form F' showing the ethnicity and sex of all employed personnel, the numbers of male and female employees who were Black (B), Spanish Surnamed Americans (SSA), American Indian, Oriental, etc. (G) and non-minority (NM), and also indicating 'the equal opportunity hiring and promoting efforts that should be attempted during the (current) fiscal year if the current work force composition is overrepresentative of any one ethnicity or sex.' " (Emphasis ours)

Appellant challenges the finding contending there is no evidence to support it.

The record establishes that "Form F" was not completed by the county clerk and the clerk's budget request was returned by the auditor to her on the basis of a letter which stated:

"September 24, 1976

TO:      Herbert Freitag, Assistant County Auditor

FROM:    County Judge and Commissioners' Court

SUBJECT: Completion of Departmental Budget Forms for 1977

This is to inform you that it is the policy of this Commissioners' Court not to review or consider Departmental budgets of which all requested forms are not completed. We would therefore ask that you return all budgets in which required data is missing so that the Department can complete the forms and return them in time for the budget review process."

■ To establish a requirement as a condition precedent to consideration of budget requests of county officials, including the county clerk, the commissioners court must act as a body. As stated by the court in *Eastex Wildlife Conservation Association v.*

*Jasper, Etc.*, 450 S.W.2d 904 (Tex.Civ.App. —Beaumont 1970, writ ref. n. r. e.):

". . . the county can act only through the Commissioners' Court, the individual Commissioners having no authority to bind the county by their separate actions. *Canales v. Laughlin*, 147 Tex. 169, 214 S.W.2d 451, 455 (1948). The court can act as a body only through its minutes. *Hill Farm, Inc. v. Hill County*, 425 S.W.2d 414, 419 (Waco Civ.App., 1968), affirmed, 436 S.W.2d 320 (Tex. Sup., 1969). Or, as said by Judge Gaines in *Gano v. County of Palo Pinto*, 71 Tex. 99, 8 S.W. 634, 635 (1888), 'The commissioners' court is a court of record, and speaks through its minutes, and not by the mouths of the members of the body.' "

See also *Wilson v. County of Calhoun*, 489 S.W.2d 393 (Tex.Civ.App.—Corpus Christi 1972, writ ref. n. r. e.).

■ Giving credence only to the evidence favorable to the trial court's finding and disregarding all the evidence to the contrary we hold there is no evidence the commissioners court ever made as part of the minutes of the court a requirement that "Form F" must be completed prior to consideration by the court of the budget request of the county clerk. *Brown v. Frontier Theatres, Inc.*, 369 S.W.2d 299 (Tex. 1963); *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974).

It follows from such holding that no justiciable controversy existed between the parties. The commissioners court had not acted upon the alleged requirement of the completion of "Form F" by the county clerk before she filed suit.

The court in *Byrd v. Fard*, 539 S.W.2d 213 (Tex.Civ.App.—Dallas 1976, no writ) said:

". . . A justiciable controversy exists between parties asserting protectable, *present rights*. E. g., *Cowan v. Cowan*, 254 S.W.2d 862, 865 (Tex.Civ.App.— Amarillo 1952, no writ). Therefore, there must be a real controversy between litigants which would be actually determined by the judgment sought. *Board of Water Engineers v. City of San Antonio*,

supra at 724. The burden of establishing justiciable controversy is on the moving party. *Reuter v. Cordes-Hendreks Coiffures, Inc.,, supra.*"

In *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960), the court said:

"All parties agree that there must be a justiciable controversy between the parties before a declaratory judgment action will lie. That is well settled law. *Board of Water Engineers v. City of San Antonio*, 1955, 155 Tex. 111, 283 S.W.2d 722(1); *Parks v. Francis*, Tex.Civ.App.1947, 202 S.W.2d 683(5), no writ history; *Southern Traffic Bureau v. Thompson*, Tex.Civ. App.1950, 232 S.W.2d 742(10), ref., n. r. e.; Anderson, Declaratory Judgments, 2d Ed., Vol. 1, p. 38, § 9; 16 Am.Jur. 282, § 9; Hodges, General Survey of the Uniform Declaratory Judgments Act in Texas, Vernon's Texas Civil Statutes, Vol. 8, p. VII. The Court of Civil Appeals has cited and discussed some additional authorities and we will not repeat them.

'The rule with respect to the necessity for a justiciable controversy may be stated in the vernacular in this wise: The Uniform Declaratory Judgments Act does not license litigants to fish in judicial ponds for legal advice.' Anderson, Declaratory Judgments, 2d. Ed., Vol. 1, p. 47, quoting from *Lide v. Mears*, 231 N.C. 111, 56 S.W.2d 404."

See also *Anderson v. McRae*, 495 S.W.2d 351 (Tex.Civ.App.—Texarkana 1973, no writ); *State v. Margolis*, 439 S.W.2d 695 (Tex.Civ.App.—Austin 1969, writ ref. n. r. e.); *Bean v. Town of Vidor*, 440 S.W.2d 676 (Tex.Civ.App.—Beaumont 1969, writ ref. n. r. e.).

There being no justiciable controversy before it, the trial court and this court are without jurisdiction to determine the issue of the validity of a requirement by the Commissioners Court of Travis County that "Form F" must be a part of the county clerk's budget request. That portion of the judgment is reversed and that portion of the case dismissed. In all other respects, the judgment of the trial court is affirmed.