

# The Attorney General of Texas

November 10, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William C. Wright
Orange County Attorney
County Courthouse
Orange, Texas 77630

Opinion No. MW-268

Re: Whether a county court-at-law judge may adopt a sick leave policy for his employees different from the policy adopted by the commissioners court

Dear Mr. Wright:

You have requested our opinion as to whether the judge of the county court-at-law of Orange County may adopt a sick leave policy for his employees different from the policy adopted by the commissioners court. Your particular inquiry relates to the court coordinator of the county court-at-law.

The county court-at-law of Orange County was created by article 1970-349, V.T.C.S. Section 4(a) thereof provides:

> The County Attorney, County Clerk, and Sheriff of Orange County, Texas, shall serve as County Attorney, Clerk, and Sheriff, respectively, of the County Court at Law of Orange County. The Commissioners Court of Orange County may employ as many additional assistant county attorneys, deputy sheriffs and clerks as are necessary to serve the Court created by this Act. Those serving shall perform the duties, and are entitled to the compensation, fees, and allowances, prescribed by law for their respective offices in Orange County.

The present policy of the Orange County Commissioners Court allows each county employee up to 60 days sick leave. You contend that this policy is superseded by article 3902, V.T.C.S., which provides, in pertinent part:

> Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply

> to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

Even if article 3902 permits the judge to fix the amount of sick leave which his court coordinator may accrue, article 3912k, V.T.C.S., enacted in 1971, repealed every prior law to the extent that it prescribed "the compensation, office expense, travel expense, or any other allowance for any official or employee." Article 3912k, section 8. Attorney General Opinion MW-136 (1980). That statute makes it the duty of the commissioners court to:

> fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds, but in no event shall such salaries be set lower than they exist at the effective date of this Act.

Section 1. It is clear that sick leave policy for all county employees covered by article 3912k is to be set by the commissioners court. Adoption of a sick leave policy for county employees by the commissioners court would not improperly interfere with the judge's prerogative of selecting his court coordinator. See Renfro v. Shropshire, 566 S.W. 2d 688, 691-92 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.). Thus, it is our opinion that the judge of the county court-at-law of Orange County may not adopt a sick leave policy for his employees which differs from the policy adopted by the commissioners court.

## S U M M A R Y

The judge of the county court-at-law of Orange County may not adopt a sick leave policy for his employees which differs from the policy adopted by the commissioners court.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Walter Davis
Rick Gilpin
Bruce Youngblood