

# The Attorney General of Texas

May 18, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Third Floor, Services Building
Dallas, Texas   75202

Opinion No. MW-473

Re: Authority of the commissioners court to initiate a plan to pay group health claims without purchasing a group insurance policy

Dear Mr. Wade:

You ask several questions concerning the authority of the Dallas County Commissioners Court to establish a group insurance program for county employees and their dependents without purchasing a group insurance policy from an insurance company.

A commissioners court may exercise only such powers as the constitution or statutes have specifically conferred upon them, or which may reasonably be implied from express powers. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948); Renfro v. Shropshire, 566 S.W.2d 688 (Tex. Civ. App. – Eastland 1978, writ ref'd n.r.e.). There is statutory authority for a commissioners court to adopt an insurance plan to provide hospitalization insurance for county officials and employees. V.T.C.S. art. 2372h-2. Further authority is also found in the Texas Insurance Code in articles 3.51 and 3.51-2. However, these statutes do not authorize the implementation of a plan to provide self-insurance or to provide group insurance that would be in contravention of the Texas Insurance Code.

You are specifically concerned with whether there is authority for such a plan to be self-funded by the county, rather than through the purchase of insurance from an insurance company. We have found only one statutory provision that would empower a commissioners court to do this. A commissioners court of a county having a population of 500,000 or more is authorized to adopt rules and regulations to establish a hospital and insurance fund for county employees as a part of their employment contract. V.T.C.S. art. 2372h, §2. Claims are to be paid from a fund consisting of contributions by employees and the county. Benefits received under the plan are considered part of the employee's compensation. However, you indicate that you intend to have dependents covered under the same proposal, and we find nothing in article 2372h that would permit such dependents to come within the

statute. To the extent the county attempts to collect premiums from the employees for the benefit of their dependents, such self-funded plan would not be authorized by article 2372h and would contravene the Texas Insurance Code.

The Texas Insurance Code requires authorization by the State Board of Insurance before a person or entity can engage in the business of insurance. Ins. Code art. 1.14, §1. The business of insurance is defined as the commission of one or more acts set forth in article 1.14-1, section 2(a), subsection 4 of the Insurance Code which include:

> The receiving or collection of any premium, commission, membership fees, assessments, dues or other consideration for any insurance or any part thereof.

The receiving or collection of employee contributions for dependents to participate in the proposed plan would constitute collection of a premium.

Although a commissioners court may adopt rules and regulations to implement a self-insurance fund as authorized under section 2 of article 2372h, such fund must comply with the restraints set forth in that statute. We have found no other authority which would permit a county to implement a self-funded program to pay health claims of its employees. However, a county may not collect premiums from employees to pay for the participation of dependents in the self-insurance program, since such would constitute the unauthorized business of insurance in violation of article 1.14-1 of the Texas Insurance Code.

### S U M M A R Y

A commissioners court may establish a self-insurance fund under article 2372h, section 2, V.T.C.S., for the benefit of county officials and employees, but the county may not collect premiums from employees for the inclusion of dependents in the self-insurance fund.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Thomas M. Pollan
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Thomas M. Pollan