

# The Attorney General of Texas

February 21, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James W. Smith, Jr.　　Opinion No. JM-430
Frio County Attorney
P. O. Box V　　　　　　　　　　Re: Whether a county departmental
Pearsall, Texas　78061　　　　head may authorize a salary increase
　　　　　　　　　　　　　　　not approved by the commissioners
　　　　　　　　　　　　　　　court

Dear Mr. Smith:

You ask the following three questions about salary increases for county employees:

> 1. Can a departmental head in a county government which has no civil service system authorize a salary increase for an employee once the salary has been set by the adoption of the county's budget by the Commissioner's Court?

> 2. If the answer to the first question is in the negative then would it make any difference if the Employee Policy Book (adopted by the Frio County Commissioners Court) gives the authority to a department head to promote employees in his department as long as the promotion is within the staffing pattern and budget limits approved by the Commissioners Court and in conjunction with this promotion there is an automatic salary increase?

> 3. Finally, neither the statutes nor any of the cases that I could find squarely addresses when the commissioners court is to set and fix compensation for the employees of county government. Is this done during the budgetary hearing process or at any time of the year?

Because Frio County is not under a civil service system, see generally V.T.C.S. art. 2372h-6; Attorney General Opinion H-1113 (1978), article 3912k, V.T.C.S., controls the setting of salaries for county employees paid from county funds.

Article 3912k provides, in section 1, as follows:

> Except as otherwise provided by this Act and
> subject to the limitations of this Act, <u>the
> commissioners court of each county shall fix the
> amount of compensation, office expense, travel
> expense, and all other allowances for county and
> precinct officials and employees who are paid
> wholly from county funds,</u> but in no event shall
> such salaries be set lower than they exist at the
> effective date of this Act. (Emphasis added).

You ask about regular employees of the county rather than about elected county and precinct officials. Elected county officials are subject to certain provisions of article 3912k which do not apply to county employees. <u>See, e.g.,</u> V.T.C.S. art. 3912k, §§2, 6; Attorney General Opinions MW-516 (1982); MW-366 (1981); H-314 (1974). Further, we note that article 3912k excepts entirely certain positions from its operation. <u>See</u> V.T.C.S. art. 3912k, §7; Attorney General Opinion JM-49 (1983) (authority of district judge to increase salaries of assistants to the county auditor's office); <u>see also</u> Tex. Govt. Code §41.101, <u>et. seq.;</u> Attorney General Opinion JM-313 (1985). Subject to these qualifications, article 3912k directs that the amount of compensation paid to county employees shall be approved by the commissioner's court. V.T.C.S. art. 3912k, §1; <u>see</u> <u>Renfro v. Shropshire,</u> 566 S.W.2d 688 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.); Attorney General Opinions JM-192 (1984); H-11 (1973).

The court in <u>Renfro v. Shropshire,</u> however, stated that article 3912k must be considered together with article 3902. Article 3902, V.T.C.S., authorizes district, county, and precinct officers to apply to the commissioners court for authority to appoint necessary deputies, assistants, or clerks. Although article 3902 states that the commissioners court shall determine the number of new employees and the amount of their compensation, it prohibits the commissioners court from influencing the appointment of particular persons. <u>Renfro v. Shropshire,</u> 566 S.W.2d at 691-92; <u>see also</u> <u>Tarrant County v. Smith,</u> 81 S.W.2d 537 (Tex. Civ. App. - Fort Worth 1935, writ ref'd). Thus, with regard to county employees covered by article 3902, a distinction must be drawn between authorizing general salary increases and determining which individuals shall receive those increases. <u>See</u> Attorney General Opinion H-1113 (1978).

Your second question is whether a salary increase for a county employee is valid when it is an automatic part of a promotion which is within staffing and budget limits already approved by the commissioners court. If the staffing and budget limits which are approved by the commissioners court envision a promotion with a salary increase for county employees and authorize the particular department head to award that promotion, we believe that the salary increase may be

deemed approved by the commissioners court. No additional approval is required.

Your final question involves the procedure necessary to fix compensation for county employees. Attorney General Opinion H-11 (1973) addressed whether salaries must be fixed at the regular budget hearing of the commissioners court. The opinion noted that article 3912k, section 2, which applies only to elected county and precinct officers, requires that their salaries be set during the regular budget hearing. The absence of a similar restriction regarding the fixing of compensation for non-elected county employees was deemed to indicate that such compensation could be set at times other than during the regular budget hearing. Although the opinion concluded that a commissioners court may amend its budget to authorize a salary increase for non-elected county employees, it emphasized that such an increase may not operate retroactively. See Tex. Const. art. III, §53; Fausett v. King, 470 S.W.2d 770 (Tex. Civ. App. - El Paso 1971, no writ); Pierson v. Galveston County, 131 S.W.2d 27 (Tex. Civ. App. - Austin 1939, no writ).

### S U M M A R Y

Subject to exceptions for certain positions, article 3912k, V.T.C.S., indicates that the amount of compensation paid to county employees must be approved by the county commissioners court. With regard to non-elected county employees, this requirement includes salary increases. If the staffing and budget limits which are already approved by the commissioners court envision a promotion with a salary increase for certain county positions and authorize the department head to award the promotion, the salary increase may be deemed approved by the commissioners court. Although the commissioners court may amend its budget at a time other than its regular budget hearing in order to authorize salary increases for non-elected county employees, such increases may not operate retroactively.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General