

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 26, 1988

Honorable Tim Curry
Criminal District Attorney
Tarrant County
200 West Belknap Street
Fort Worth, Texas 76196

Opinion No. JM-947

Re: Whether a commissioners court may require perform-ance evaluations of assist-ant district attorneys not covered by civil service, and related questions (RQ-1198)

Dear Mr. Curry:

You ask whether the Tarrant County Commissioners Court "may require performance evaluations" whereby salaries of assistant district attorneys, secretaries, investigators, and other personnel in the District Attorney's office, are "set," none of the referenced positions being covered by a civil service program.

Commissioners Court of Caldwell County v. Criminal District Attorney, Caldwell County, 690 S.W.2d 932 (Tex. App. - Austin 1985, writ ref'd n.r.e.) considered the application of former article 689a-11, V.T.C.S., Acts 1931, 42d Leg., ch. 206, §12, at 339 as amended (now repealed and codified as sections 111.001-111.007 of the Local Government Code), and former article 332a, Acts 1973, 63d Leg., ch. 127, § 5, at 275 (now repealed and codified as section 41.106(a) of the Government Code) to the issue of whether the commissioners court, while carrying out its budgetary procedures pursuant to article 689a-11, could change the amounts of salaries of personnel in the District Attorney's office where those employees' salaries had been set by the District Attorney pursuant to article 332a, section 5.

Article 332a, section 5 then provided as follows:

> Salaries of assistant prosecuting attorneys, investigators, secretaries and other office personnel shall be fixed by the prosecuting attorney, subject to the approval of the commissioners court. . . .

Article 689a-11 provided, in pertinent part:

> At the conclusion of the hearing, the budget as prepared by the County Judge shall be acted upon by the Commissioners' Court. The Court shall have authority to make such changes in the budget as in their judgment the law warrants and the interest of the taxpayers demand [sic]. When the budget has been finally _approved_ by the Commissioners' Court, the budget, as _approved_ by the Court shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as _adopted_ by the Court. (Emphasis added.)

The District Attorney had argued, the court said, that

> by enactment of article 332a the Legislature intended to withdraw from the counties' budget-making process, and the attendant vicissitudes of political controversy, the amounts necessary to pay the salaries of the prosecuting attorney's employees, which amounts should instead be 'fixed' by the prosecuting attorney, to be changed by the Commissioners Court only to the extent the amounts 'fixed' by him are unreasonable or unnecessary.

690 S.W.2d at 935.

The court reasoned:

> Under the prosecuting attorney's interpretation, his unilateral determination of his employees' salaries is not realistically subject to the public debate, the political-adjustment process, the public-interest evaluation, the taxpayer-interest consideration, and the mandatory correlation of county revenue and expenditure estimates which comprise the legislative process contemplated by art. 689a-11. Of what use are public hearings, public debate, and so forth if the amounts 'fixed' by the prosecuting attorney are not open to change by the only body authorized to raise the revenue to pay them

> and make the other legislative determinations referred to above? If they are not open to change, there is no practical reason for them to be discussed or subjected to the political and legislative process. They are outside such process and the result of dictation by a single officer of the executive branch -- an anomaly in any governmental budget-making process.

Id. at 938.

The court then reconciled the apparent conflict between the provisions of article 332a, section 5 and article 689a-11, holding as follows:

> [T]he Legislature intended by the two statutes in question that the ordinary budget-making process of art. 689a-11 be followed in reference to the salaries of the prosecuting attorney's employees, except that he, and not the County Judge, shall specify the amounts to be included in the proposed budget submitted to the Commissioners Court, that Court having the power to change those salaries, as in the case of ordinary county employees, before approving and filing the budget with the Clerk of the County Court.

Id. at 939.

To the extent to which they are inconsistent with the holding of Commissioners Court of Caldwell County, we are of the opinion that the following attorney general opinions on which you rely in your brief are now overruled: H-908 (1976), indicating that the commissioners court has authority only to approve or disapprove the salaries set by the District Attorney for personnel in his office; H-922 (1977), holding similarly that the commissioners court may not set, but only approve or disapprove, the salary of the prosecuting attorney's secretary as set by the prosecuting attorney; and H-1113 (1978), ruling that the salaries of the prosecuting attorney's personnel are not subject to the general authority of the commissioners court to raise the salaries for personnel in the departments of elected county officials.

Your request calls into question the construction of two current statutes which are virtually identical to the statutes treated in Commissioners Court of Caldwell County:

Section 41.106(a) of the Government Code, which is a codification without any substantive change of article 332a, section 5, supra, and the provisions of subchapter B, chapter 111 of the Local Government Code, the counterpart provisions to the provisions of subchapter A of chapter 111 for counties with a population of over 225,000. The provisions of subchapter A are derived from former article 689a-11; they now apply only to counties of less than 225,000 population. (See the Revisor's Note to section 111.001 in the Revisor's Report in the proposed Local Government Code, Texas Legislative Council, February 1987.)

It is our opinion that the holding with respect to the purpose and effect of article 689a-11 in Commissioners Court of Caldwell County applies to our construction of the provisions of chapter 111, subchapter B of the Local Government Code, the general provisions for the budgetary process which are applicable to Tarrant County.

It is clear, therefore, under the holding of Commissioners Court of Caldwell County, that while the Tarrant County District Attorney may "fix" the salaries of his office personnel, the commissioners court may not only approve or disapprove such salary figures but may also raise or lower the salaries "fixed" by the District Attorney in arriving at its budget.

In considering the issue you present -- i.e. whether the county commissioners may "require" performance evaluations "whereby salaries are set" for personnel in the District Attorney's office, the following guidelines are to be applied.

Nothing in Commissioners Court of Caldwell County, or in other law, cases, or opinions of this office, questions the authority of the District Attorney to formulate the salary proposals according to such criteria as he, within his sole discretion, adopts. The commissioners may not therefore require that the District Attorney base salary proposals on the results of the performance evaluations.

On the other hand, since the commissioners may approve, disapprove, modify, or effectively disregard the salary proposals made by the District Attorney, we are of the opinion that the commissioners may use the performance evaluations in determining the salary figures which they will actually adopt in their budget.

We believe that the commissioners' authority to make the final budgetary determinations regarding salaries

necessarily includes the authority to obtain data from the District Attorney's office on which to base such determinations. We would note that, according to the information you supplied, the performance evaluations in question are to be administered by personnel within the District Attorney's office and that their administration will involve only de minimis intrusion by the commissioners into the day to day operations of the District Attorney's office. We would further note that our ruling here is of course limited to this particular factual situation which you presented in your request.

A consideration of various provisions of the Local Government Code indicates that our conclusion is consistent with the overall statutory scheme for the operations of county government. Sections 111.005 and 111.036 -- the former applicable to counties of 225,000 population or less and the latter to larger counties -- provide that the county budget officer, the county judge in section 111.005, and the county auditor in section 111.036, may require county officers to furnish information necessary for the budget officer's budget preparation. Moreover, other sections of the Local Government Code show that the commissioners are not precluded, in other contexts, from regulating work conditions of or obtaining data on the activities of personnel in county offices. Section 157.021, derived from former V.T.C.S. articles 2372h, 3912e-4a, and 3912e-4b, provides that a commissioners court in a county "with a population of 355,000 or more . . . may adopt and enforce uniform rules on the hours of work of department heads, assistants, deputies, and other employees whose compensation is set or approved by the court." [Emphasis added]. Section 270.006 provides that an officer or employee of the county must provide the commissioners court with information on the use of equipment in the charge of the employee or officer.

Sections 151.001-151.004, derived from former articles 3902, 3912e, 3912e-13, regulate only the commissioners' power over appointments made by county officers and not the commissioners' power over staff members already employed in the county. We conclude that those sections have no applicability to the issue you present.

We concede that Renfro v. Shropshire 566 S.W.2d 688 (Tex. Civ. App. - Eastland, 1978, writ ref'd n.r.e.), decided seven years before the Caldwell County case, may suggest a different result from the one we reach. The court there held that the commissioners have no right to screen applicants or to veto appointments to positions at various

salary steps made by the county clerk. The court considered, in addition, the commissioners' authority to require that county officials supply a form showing the ethnicity and gender of all employees and indicating any equal opportunity hiring and promoting efforts that should be attempted where the work force is found to be over-representative of any one ethnicity or gender. The court did not reach the latter issue, finding that there was no justiciable controversy presented. In our opinion, the holding in Renfro with respect to the commissioners' authority over appointments is not determinative of the issue you present, which relates to the commissioners' authority over personnel already in county employment. As the court did not reach the issue regarding the gender/ethnicity form, we must regard any indications as to the commissioners' lack of authority as mere dicta.

Therefore, in our opinion, the commissioners may require performance evaluations for the purpose of making their final budgetary determinations as to the salaries of the District Attorney's employees, which determinations are solely within the commissioners' prerogative (so long as they consider them "warranted by the facts and law and required by the interest of the taxpayers," and so long as the total amount budgeted in a fiscal year does not exceed the balances in county funds as of the first day of the fiscal year, plus the anticipated revenue for the fiscal year as estimated by the county auditor. Local Gov't Code, § 111.039(b)).

## S U M M A R Y

In arriving at the salary figures to be included in the county budget for personnel of the District Attorney's office, the commissioners court of Tarrant County may approve, disapprove or modify the salary figures proposed by the District Attorney. The commissioners court may require perform-ance evaluations whereby salaries of per-sonnel in the District Attorney's office are set for budgetary purposes by the commis-sioners court. The commissioners court may not require that the fixing of salaries of such personnel by the District Attorney, for purposes of proposing such salary figures to the commissioners court, be based on such performance evaluations.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General