ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 18, 2005

The Honorable Bart E. Medley
Jeff Davis County Attorney
Post Office Box 201
Fort Davis, Texas 79734

Opinion No. GA-0350

Re: Whether the county attorneys of Jeff Davis and Presidio counties may, by "reciprocal arrangement," appoint each other assistant county attorneys of their own counties   (RQ-0319-GA)

Dear Mr. Medley:

You ask whether the county attorneys of Jeff Davis and Presidio counties may, by "reciprocal arrangement," appoint each other assistant county attorneys of their own counties.[1] You state: "Jeff Davis County and Presidio County are neighboring counties in far West Texas. Each county has a relatively small tax base and each county attorney's office is limited to a single attorney. Neither county now has, nor to my knowledge has ever had, an assistant county attorney." Request Letter, *supra* note 1, at 1; *see also* UNITED STATES CENSUS BUREAU, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION: TEXAS QUICKFACTS (population of Jeff Davis County is 2,207), *available at* http://quickfacts.census.gov/qfd/states/48/48243.html; *id.* (population of Presidio County is 7,304), *available at* http://quickfacts.census.gov/qfd/states/48/48377.html.

You indicate that, when one of the county attorneys is absent, the neighboring county attorney typically is appointed attorney pro tem under article 2.07 of the Code of Criminal Procedure. *See* Request Letter, *supra* note 1, at 1. Under article 2.07, a judge may appoint an attorney pro tem to perform the duties of a prosecuting attorney during any periods in which the regular prosecutor "is disqualified to act in any case or proceeding, is absent from the county . . . , or is otherwise unable to perform the duties of [the] office." TEX. CODE CRIM. PROC. ANN. art. 2.07(a) (Vernon 2005). If the appointed attorney pro tem is also a prosecutor in his or her own right, "the duties of the appointed office are additional duties of [the] present office," and the attorney is not entitled to additional compensation for serving as attorney pro tem. *Id.* art. 2.07(b). You aver that the process by which an attorney is appointed attorney pro tem is "cumbersome, as it requires a court [to appoint] the neighboring county attorney even to cover a single hearing in the case during a temporary absence of the county attorney with jurisdiction." Request Letter, *supra* note 1, at 1. You

---

[1]Letter from Honorable Bart E. Medley, Jeff Davis County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Feb. 11, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

also are concerned that, once the appointment is made, the attorney pro tem may not, without a court order, "return the case to the county attorney upon [the county attorney's] return." *Id.*

You therefore ask whether, as an alternative to the attorney pro tem process, "the Jeff Davis County Attorney and the Presidio County Attorney [may] enter into a reciprocal arrangement whereby the Jeff Davis County Attorney would also be appointed Assistant Presidio County Attorney and vice versa." *Id.* An assistant county attorney may perform all of the county attorney's duties. *See* TEX. GOV'T CODE ANN. § 41.103(b) (Vernon 2004); *see also id.* § 45.002(a) (stating that an assistant county attorney must satisfy the same qualifications as the appointing county attorney). You explain:

> This arrangement would eliminate the need to appoint a special prosecutor to cover simple hearings arising during the temporary absence of the county attorney for vacation, sick leave, etc.[] It would also eliminate the need to obtain permission from the court for the neighboring attorney to withdraw from the case once the county attorney returns.
>
> One condition of such an arrangement would be that the appointment as Assistant County Attorney would only extend to criminal and juvenile matters[] and would exclude any civil duties, such as reviewing contracts or advising the Commissioners Court.

Request Letter, *supra* note 1, at 2. You further aver that the assistant county attorneys "would be entirely without compensation or benefits of any kind, other than expense reimbursement." *Id.* You raise, as two possible obstacles, article XVI, section 40 of the Texas Constitution, which generally prohibits dual office-holding, and the common-law doctrine of incompatibility.

Before we address the dual office-holding and incompatibility issues you raise, we examine the county attorney's authority to appoint an assistant vis-à-vis the commissioners court.

Both the county commissioners court and the county attorney play a role in determining whether to establish and fill the position of an assistant county attorney. While a county attorney is authorized to employ assistants as necessary to properly operate and administer the office, the officer must apply to the commissioners court for authority to make the appointments. *See* TEX. GOV'T CODE ANN. § 41.102(a) (Vernon 2004) (authorizing a prosecutor to employ office personnel); TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 1999) (requiring a county officer who needs "the services of deputies, assistants, or clerks" to apply to the commissioners court); *see also* TEX. LOC. GOV'T CODE ANN. § 151.002 (Vernon 1999) (requiring a commissioners court to adopt an order authorizing an officer to appoint a specified number of employees); *Renfro v. Shropshire*, 566 S.W.2d 688, 690-91 (Tex. Civ. App.–Eastland 1978, writ ref'd n.r.e.) (explaining the statutory basis for the tension between the officer's and the commissioners court's authority). Once the commissioners court has approved a position, the commissioners court has "no power or authority to decide, [question,] control or veto who the [officer] decides to hire, retain, employ, deputize, or

appoint." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 929 (Tex. Crim. App. 1994); *see* TEX. LOC. GOV'T CODE ANN. § 151.004 (Vernon 1999) (stating that neither the commissioners court nor an individual commissioner may "attempt to influence the appointment of any person to [a] . . . position authorized by the court"); *Renfro*, 566 S.W.2d at 691-92 (stating that the selection of a county officer's personnel is not "county business" and thus not subject to the commissioners court's oversight).

The commissioners court's and the county attorney's respective authority is intertwined not only with respect to the decision to fill a position, but also with respect to the compensation the appointee will receive. Subject to the county commissioners court's approval, the county attorney sets an assistant's salary. *See* TEX. GOV'T CODE ANN. § 41.106(a) (Vernon 2004). The assistant county attorney also may receive "actual and necessary travel expenses incurred in the discharge of" the assistant's duties, "not to exceed the amount fixed by the prosecuting attorney and approved by the [county] commissioners court." *Id.* § 41.106(b).

Consequently, a county attorney may not appoint an assistant county attorney unless the commissioners court has approved creating a position for an assistant county attorney. The commissioners court's approval is required even if the assistant will not receive a salary. *Cf.* Tex. Att'y Gen. Op. No. JM-102 (1983) at 2 (stating that a commissioners court must approve each deputy sheriff or constable position "whether compensated or not").

In partial answer to your question, therefore, the Jeff Davis and Presidio county attorneys may not enter into this reciprocal arrangement unless each county commissioners court has approved the creation of the assistant county attorney position. The appropriate commissioners court also must approve reimbursing the assistant county attorney's travel expenses. Once the position is approved, however, the county attorney may appoint an assistant without the influence of the commissioners court.

Assuming that the county attorneys obtain the requisite commissioners courts' approvals, we turn to the dual office-holding and incompatibility concerns you raise. Article XVI, section 40(a) does not prohibit a county attorney from appointing a second county attorney as the first county attorney's assistant. Under article XVI, section 40(a), "[n]o person shall hold or exercise at the same time, more than one civil office of emolument." TEX. CONST. art. XVI, § 40(a). Unless both positions are civil offices of emolument, article XVI, section 40(a) is "inapplicable on [its] face." *Pirtle*, 887 S.W.2d at 931. An assistant county attorney is a public employee, not an officer, as the assistant is hired by the county attorney and serves at the county attorney's will. *See* TEX. GOV'T CODE ANN. §§ 41.102(a), .105 (Vernon 2004) (authorizing a prosecuting attorney to employ assistants and to remove the assistants at will); *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (declaring that a public officer, as opposed to a public employee, exercises a sovereign function of the government "'largely independent of the control of others'") (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740 (Tex. Civ. App.–Galveston 1949, writ ref'd)), *disapproved on other grounds, Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690 (Tex. 1968); Tex. Att'y Gen. LO-89-058, at 1 (determining that an assistant county attorney is not a public officer for purposes of article XVI, section 40).

In addition, the two positions are not incompatible.   The common-law doctrine of incompatibility "recognizes and prohibits three kinds of conflicts that may arise from holding two public offices:  self-appointment, self-employment, and conflicting loyalties."  Tex. Att'y Gen. Op. No. GA-0307 (2005) at 3.  Neither self-appointment incompatibility nor self-employment incompatibility apply here because the county attorneys are not considering appointing themselves to a position.  *See id.* at 3-4; *see also Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928) (noting "the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body"); Tex. Att'y Gen. LA-114 (1975) at 8 (extending self-appointment incompatibility to the self-employment context).  Conflicting-loyalties incompatibility, which applies if "a conflict of discretion or duty" might arise between two offices, also does not apply here because an assistant county attorney does not hold an office.  *Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152, 153 (Tex. Comm'n App. 1927, judgm't adopted); *see also* Tex. Att'y Gen. Op. No. GA-0273 (2004) at 3 (stating generally that both positions must be offices for conflicting-loyalties incompatibility to apply); Tex. Att'y Gen. Op. No. JC-0054 (1999) at 2 (quoting Tex. Att'y Gen. Op. Nos. JM-1266 (1990), JM-129 (1984) (stating that conflicting-loyalties incompatibility applies "where one office might . . . impose its policies on the other or subject it to control in some other way")).  *See generally* Tex. Att'y Gen. Op. No. GA-0307 (2005) at 4 (discussing conflicting-loyalties incompatibility).  Consequently, conflicting-loyalties incompatibility does not prohibit the reciprocal arrangement you describe.

Although the county attorneys of Jeff Davis and Presidio counties may serve as the other's assistant county attorney without violating article XVI, section 40 of the Texas Constitution or the common-law doctrine against incompatibility, *cf.* Tex. Att'y Gen. LO-96-148, at 2 (concluding that the 156th Judicial District Attorney could appoint the Live Oak County Attorney to serve as an assistant district attorney), this dual service may raise ethical concerns in particular situations.  In that eventuality, the attorney should consult the Texas Disciplinary Rules of Professional Conduct.  *Cf.* Tex. Att'y Gen. Op. No. JC-0054 (1999) at 3 (noting that while neither article XVI, section 40 nor the common-law doctrine of incompatibility forbids the Brewster County Attorney from also serving as an attorney for the city of Alpine, ethical dilemmas may arise).  *See generally* TEX. DISCIPLINARY R. PROF'L CONDUCT, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9).

## S U M M A R Y

The Jeff Davis and Presidio County Commissioners Courts each must approve creating an assistant county attorney position in its county, even if the assistant will not receive a salary. The commissioners court also must approve reimbursing travel expenses for that position. If the appropriate county commissioners court approves creating the position, the Jeff Davis County Attorney may appoint the Presidio County Attorney as the Jeff Davis assistant county attorney, and vice versa. Neither article XVI, section 40 of the Texas Constitution nor the common-law doctrine of incompatibility precludes the two county attorneys from serving as each other's assistant.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee